UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    **CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Criminal No. 5:11-CR-108-JMH |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| PATRICK LAMONT PATTERSON, | ) |
| Defendant. | ) |

                    **    **    **    **    **

This matter is before the Court upon Defendant Patrick Lamont Patterson's motion to sever his case from that of his co-defendants. [DE 60]. The United States has filed a response in opposition to Defendant's motion, [DE 65], and Defendant has filed a reply, [DE 66]. Additionally, a hearing on this motion was conducted before the Court on February 28, 2012. The Court orally announced its holding after the hearing. The purpose of this Memorandum Opinion and Order is to supplement the Court's earlier oral pronouncement.

The indictment in this case charges Defendants Patrick Patterson, Damon Patterson, and Marsha McCrary with conspiracy to distribute twenty-eight grams or more of crack cocaine under 21 U.S.C. § 846 (Count 1) and conspiracy to distribute controlled substances under 21 U.S.C. § 846 (Count 2). Additionally, the indictment charges Defendants Patrick Patterson and Damon Patterson with possession of a firearm by a felon under 18 U.S.C. §

922(g)(1)(Counts 3 and 4, respectively).

While Defendant argued, in his brief in support of his motion to sever, that joinder of Defendants was improper under Federal Rule of Criminal Procedure 8(b), he largely abandoned this argument during the hearing before the Court. Nevertheless, the Court notes that "[t]wo or more defendants may be charged in the same indictment . . . if they are alleged to have participated in the same act or transaction . . . constituting the offense or offenses." Fed. R. Crim. P. 8(b). While each of the Pattersons has been charged with an individual crime, all three defendants are alleged to have participated in a common conspiracy to distribute drugs. Based on the logical connection between all of the charges and the plain language of Federal Rule of Criminal Procedure 8(b), joinder of all defendants in a single indictment is proper.

The general rule is that "persons jointly indicted should be tried together." *U.S. v. Driver,* 535 F.3d 424, 427 (6th Cir. 2008). There is a strong preference for joint trials because they generally "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro v. U.S.,* 506 U.S. 534, 537 (1993). Pursuant to Federal Rule of Criminal Procedure 14(a), district courts have the discretion to grant a motion to sever if joinder "appears to prejudice a defendant or the government." The risk of prejudice, however, must be substantial. A district court should grant a motion to sever

2

"only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro,* 506 U.S. at 539.  For the following reasons, severance is not warranted in this case.

Defendant Patterson argues that the Fifth Amendment to the United States Constitution and Federal Rule of Criminal Procedure 14 compel severance.  While Patterson argues that evidence of Damon Patterson's prior drug offenses would be prejudicial to him, the United States has stated that it does not intend to offer any evidence relating to Damon Patterson's prior drug dealing activities.  Further, a defendant is not entitled to severance simply because a co-defendant has a criminal record or because some evidence is admissible against some defendants and not others. *U.S. v. Lloyd,* 10 F.3d 1197, 1214 (6th Cir. 1993).  Importantly, the court "presume[s] that the jury will be able to sort out the evidence applicable to each defendant and render its verdict accordingly."  *U.S. v. Blakeney,* 942 F.2d 1001, 1011 (6th Cir. 1991). Defendant Patterson asserts that a joint trial will result in a violation of his Sixth Amendment right to confront the witnesses against him.  He argues that this right will be violated by the introduction into evidence of hearsay statements of his co-defendants.  The government has stated, however, that it does not intend to offer any statements made by Patrick Patterson's co-

defendants that implicate him. Rather, the government plans to rely on the testimony of witnesses who observed and interacted with the defendants. As the government points out, if any of Patrick Patterson's co-defendants choose to testify and implicate him through their testimony, he will have the opportunity to cross-examine them, thus, preserving his Sixth Amendment right of confrontation.

While Patterson argues that a joint trial would compromise his third-party-liability defense, there is no indication that conducting a joint trial will prevent the jury from making a reliable judgment about Patterson's guilt or innocence. Severance is proper only where a defendant demonstrates that "an antagonistic defense would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *U.S. v. Gardiner,* 463 F.3d 445, 473 (6th Cir. 2006)(quoting *U.S. v. Warner,* 971 F.2d 1189, 1196 (6th Cir. 1992)). Patterson has not met this difficult burden. Defendants are not entitled to separate trials "simply because they have a better chance of acquittal if they are tried alone." *Ross v. U.S.,* 339 F.3d 483, 493 (6th Cir. 2003). Further, limiting instructions can always be given to remedy any risk of prejudice present when defendants are tried jointly. *See U.S. v. Wilson,* 344 F. App'x 134, 140 (6th Cir. 2009)(unpublished opinion)(citing *Zafiro,* 506 U.S. at 539).

4

Accordingly, Defendant's motion to sever, [DE 60], is hereby **DENIED**.

This the 28th day of February, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge