```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

|  |  |  |
|---|---|---|
| PATRICK LAMONT PATTERSON, | ) | |
| Defendant-Petitioner, | ) ) ) | Criminal Case No. 5:11-cr-108-JMH-HAI |
| v. | ) ) | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | ) ) | **AND ORDER** |
| Plaintiff-Respondent. | ) ) | |

*** 

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Hanly A. Ingram. [D.E. 151]. Petitioner filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255. [D.E. 137]. The matter was then referred to Magistrate Judge Ingram for a recommended disposition. The Magistrate Judge filed his Report and Recommendation on March 14, 2014, and Petitioner timely filed his objections to the Report and Recommendation on April 1, 2014. This matter is now ripe for the Court's consideration.

**I. Procedural History and Standard of Review**

Generally, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). After reviewing the Report and Recommendation in this case and reviewing the findings de novo,

the Court agrees with the Magistrate Judge's recommendation to deny Petitioner relief.

Pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner was sentenced to 130 months imprisonment for conspiracy to distribute 28 grams or more of crack cocaine. [D.E. 100; 129]. In the plea agreement, Petitioner waived "his right to appeal and his right to attack collaterally his guilty plea, conviction, and sentence, including any order of restitution." [D.E. 100 at 6]. Although Petitioner waived his right to collaterally attack his sentence, Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255, arguing that the United States did not properly file its notice of intent to seek an enhanced statutory penalty and that counsel was ineffective by not properly advising Petitioner on the terms of the plea agreement, as well as alleging various Constitutional violations.

Petitioner raises four objections to the report and recommendation issued by the Magistrate Judge. First, Petitioner continues to assert that the United States did not properly file notice of its intent to seek an enhanced statutory penalty, pursuant to 21 U.S.C. § 851. [D.E. 152 at 2]. Second, Petitioner contends that the United States was required to file an indictment including all elements of his past convictions the United States was relying on to seek an enhanced penalty. [D.E.

152 at 3]. Next, Petitioner contends that trial counsel was ineffective because counsel failed to know federal laws. [D.E. 152 at 4]. Finally, Petitioner contends that using various factors to increase his sentencing guideline range violated his constitutional rights because it increased the base level of his conviction beyond what was indicted by the grand jury. [D.E. 152 at 5].

**II. Analysis**

Upon de novo review, the Court accepts the Magistrate Judge's findings and will dismiss Petitioner's petition. Initially, the Court notes that Petitioner did not file an objection to the portion of the Magistrate Judge's determination that Petitioner knowingly and voluntarily waived his right to collaterally attack his guilty plea, conviction, and sentence. *See* [D.E. 151 at 12]. The Court is only required to review the portions of the report and recommendation to which Petitioner filed objections. *See* 28 U.S.C. § 636(b)(1).

> [I]n cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel . . ., it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or a collateral attack when the substance of his claim challenges the very validity of the waiver itself.

*In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citations omitted). Thus, as Petitioner has waived his collateral remedies, the only objections the Court need address are those

3

pertaining to Petitioner's claim of ineffective assistance of counsel and whether his guilty plea was knowing and voluntary. However, the Court will address, and dismiss, all of Petitioner's objections.

**1. Petitioner received proper notice under 21 U.S.C. § 851**

The Court construes Petitioner's argument about receiving notice of the statutory sentence enhancement as one challenging the knowing and voluntary nature of his guilty plea. "A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently by the defendant." *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)). By arguing that he had no notice, Petitioner is essentially claiming that he lacked "sufficient awareness of the relevant circumstances and likely consequences" of entering a plea of guilty. *Brady*, 397 U.S. at 748. The record reveals that the United States filed notice of its intent to seek an enhanced sentence and that Petitioner was sufficiently aware of that intent. Furthermore, the Court adequately ensured Petitioner was entering a knowing and voluntary plea, including the knowledge that Petitioner was subject to an enhanced penalty, pursuant to Federal Rule of Criminal Procedure 11. Therefore, Petitioner's guilty plea was entered into knowingly and voluntarily.

The United States properly filed notice of its intent to seek an enhanced sentence pursuant to 21 U.S.C. § 851.

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). The United States properly filed notice that, if convicted on Count 1 or 2 of the indictment, Petitioner would "be subject to an enhanced statutory punishment pursuant to 21 U.S.C. § 841(b)(1)." [D.E. 90 at 1]. In accordance with § 851(a)(1), this notice was properly served upon counsel for Petitioner. [D.E. 90 at 2]. The notice was filed in the record on March 16, 2012, [D.E. 90], and Petitioner entered a plea of guilty on March 20, 2012. [D.E. 98]. Thus, notice of the prior convictions intended to be relied upon for an enhanced penalty was properly filed with the Court, and served upon counsel, before Petitioner entered a plea of guilty, pursuant to 21 U.S.C. § 851.

Furthermore, a review of the transcript of Petitioner's rearraignment and his signed plea agreement belie his argument that he did not receive the notice required by § 851. Paragraph four of Petitioner's plea agreement explicitly states that "[t]he [Petitioner] has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to

5

21 U.S.C. § 851, and therefore the [Petitioner] is subject to the above enhanced statutory punishment." [D.E. 100 at 5]. At his rearraignment, Petitioner testified that defense counsel fully discussed the plea agreement with him, that he understood all of the terms of the plea agreement, and that he had signed the plea agreement. [D.E. 147 at 5].

Further, Petitioner twice acknowledged at his rearraignment that he had notice of the enhanced statutory punishment. First, the United States attorney, when reciting the pertinent provisions of the plea agreement, stated that "[t]he [petitioner] acknowledges he has a prior felony drug conviction as set forth in the notice filed by the government." When the Court questioned whether the United States accurately recited the plea agreement, Petitioner responded "Yes, sir." [D.E. 147 at 7-9]. Later, when specifically questioned by this Court, Petitioner again agreed that he was subject to an enhanced penalty.

> The Court: [A]nd this is an enhanced penalty because you have a prior drug felony conviction as set forth in the government – by – in the government's notice pursuant to Section – or 21 U.S.C., Section 851. You understand that?
>
> The Defendant: Yes.

[D.E. 147 at 10].

Moreover, the Court properly complied with Federal Rule of Criminal Procedure 11 when finding that Petitioner was knowingly and voluntarily entering a guilty plea.

> Rule 11 requires that a district court verify that the defendant's plea is voluntary and that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged.

*United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005) (citing *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988)).

In this case, the Court placed Petitioner under oath, [D.E. 147 at 3], ensured that Petitioner was not under the influence of drugs or alcohol, [D.E. 147 at 4], described to Petitioner the civil rights that would be lost if a guilty plea was entered, [D.E. 147 at 9], described the constitutional rights Petitioner was giving up by entering a plea of guilty, [D.E. 147 at 11-12], and stated a factual basis for finding that Petitioner committed the crime. [D.E. 147 at 12-19]. Petitioner admitted to the factual basis and affirmed that he understood the rights he was giving up. On the record before the Court, the Court finds that Petitioner entered a knowing and voluntary guilty plea, including that he was aware the United States had filed notice of its intent to seek an enhanced statutory punishment. *See United States v. Todaro*, 982 F.2d 1025, 1030

7

(6th Cir. 1993) ("[A] defendant who expressly represents in open court that his guilty plea is voluntary 'may not ordinarily' repudiate his statements to the sentencing judge." (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973) (per curiam))).

**2. Petitioner has not shown that counsel was ineffective**

Petitioner objects to Magistrate Judge Ingram's finding that Petitioner does not have a meritorious ineffective assistance of counsel claim by arguing that it was "unreasonable for Trial Counsel's silence [sic] on the Governments' failure to strictly comply with the mandatory prerequisites [sic] 21 U.S.C. § 851. . . ." [D.E. 152 at 4-5]. However, as discussed above, the United States properly complied with the notice requirements of 21 U.S.C. § 851.

Petitioner's claim could be read as arguing that counsel was ineffective because counsel failed to dispute Petitioner's prior convictions under 28 U.S.C. § 851. To put forth a successful ineffective assistance of counsel claim, Petitioner "must show that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Even assuming Petitioner could show that counsel's performance was deficient, Petitioner has made no attempt to explain how he was

8

prejudiced by counsel's failure to challenge the prior convictions, and the Court finds no prejudice.

First, all three of the convictions appear to be have been "more than five years before the date of the information alleging such prior conviction," and, thus, were not subject to challenge. 28 U.S.C. § 851(e); [D.E. 90] ("(1) [P]ossession of a controlled substance, . . . in case number 99-05088 . . . ; (2) possession of a controlled substance, . . . in case number 95-1025 . . . ; and (3) possession of a controlled substance, . . . in case number 93-6481 . . . ."); *see United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998) ("[S]ection 851(e) prohibits collateral attack of defendant's prior convictions, which occurred five years before the information was filed."). There was no prejudice to Petitioner by defense counsel's failure to challenge the convictions because they were not convictions counsel could challenge.

Second, Petitioner is silent on how a challenge to the prior convictions contained in the information would have been successful. The burden is on Petitioner to show he was prejudiced by counsel's deficient performance, and he has not even attempted to meet this burden. *See Holnagel v. Kropp*, 426 F.2d 777, 779 (6th Cir. 1970) ("[T]he burden on the Appellant to establish his claim of ineffective assistance of counsel is heavy." (citations omitted)). The Court also notes that when

9

questioned at his rearraignment, Petitioner confirmed he was fully satisfied with counsel. [D.E. 147 at 4]. For the foregoing reasons, the Court agrees with the Magistrate Judge's finding that Petitioner has not shown that he was prejudiced by counsel's performance.

**3. Petitioner's objections under *Alleyne* are without merit**

Petitioner's remaining objections to Magistrate Judge Ingram's report and recommendation revolve around the United States Supreme Court decision of *Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151 (2013). Petitioner first contends that *Alleyne* requires the indictment to contain the essential elements of the prior convictions used to enhance his sentence. Petitioner's second contention is that, in violation of *Alleyne*, the prior convictions were used to increase the base level of his conviction beyond that for which the grand jury issued an indictment.

*Alleyne* is of no help to Petitioner. First, Petitioner was sentenced on June 18, 2012, [D.E. 125], approximately one year before *Alleyne* was decided, and *Alleyne* has no retroactive effect. *See United States v. Potter*, No. 7:13-cv-7290-DCR, 2013 WL 3967960, at *3 (E.D. Ky. July 31, 2013) ("The Court concludes that the rule announced in *Alleyne* cannot be applied to Potter's § 2255 motion because it does not have retroactive effect.").

Second, even assuming *Alleyne* had retroactive effect, the decision does not apply to the fact of a prior conviction.

> In *Almendarez-Torres v. United States*, 523 U.S. 224, we recognized a narrow exception to th[e] general rule [that facts that increase the prescribed range of penalties to which a defendant is exposed are elements of the crime] for the fact of a prior conviction. Because the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today.

*Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2160 n.1 (2013). Therefore, the *Alleyne* decision acknowledged that it "had no impact on the previously recognized exception for the fact of a prior conviction, which may be found by the sentencing court upon a preponderance of the evidence." *United States v. Price*, No. 13-3291, 2014 WL 1243787, at *2 (6th Cir. Mar. 27, 2014) (citations omitted).

Moreover, to the extent Petitioner is arguing that his prior conviction had to be proved to a jury beyond a reasonable doubt, this argument is precluded by Petitioner's admission of prior felony convictions in his plea agreement and at his rearraignment. *See United States v. Booker*, 543 U.S. 220, 244 (2005) (holding that any facts "necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty" can be proved through admission of the defendant); *United States v. Yancy*, 725 F.3d 596, 601 (6th Cir. 2013) ("[W]hen a defendant knowingly admits the facts necessary for a sentence enhancement in the context of a plea,

11

simultaneously waiving his Sixth Amendment right to a jury trial, no *Apprendi* problem arises." (citations omitted)). Here, Petitioner admitted in his plea agreement that he "has a prior final drug felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and therefore the [Petitioner] is subject to the above enhanced statutory punishment." [D.E. 90 at 5]. Further, in reading the factual basis for the plea, the Court recited from the plea agreement that "Defendant has multiple felony convictions, including several convictions for possession of controlled substances and a conviction for unarmed robbery." [D.E. 147 at 18]. When asked if the factual basis was true, Petitioner replied "Yes, sir." [D.E. 147 at 19]. Thus, Petitioner has admitted the facts necessary for the sentence enhancement, rendering any argument about the United States' burden of proof moot.

Additionally, even if *Alleyne* applied, Petitioner's arguments are incorrect. Petitioner first contends that he was entitled to have the "enhanced elements of his prior 'Sovereign State of Michigan final judgments be plead [sic] in his indictment, along with the full designation of the crime to be charged." [D.E. 152 at 3]. This argument has previously been rejected by the Sixth Circuit.

> Section 851(a)(2) requires only that the government prosecute by indictment the instant offense, for which it seeks enhancement, not that a grand jury charge a prior felony drug conviction by indictment.

> [Appellant's] argument that section 851 demands notice in the form of an indictment reads a requirement into the statute that its language does not support and ignores the practical difficulty that until preparation of a PSR the government may not know of a defendant's prior felony drug convictions.

*United States v. Soto*, 8 F. App'x 535, 540 (6th Cir. 2001). Thus, the crimes relied upon by the United States for a sentence enhancement did not have to be included in the indictment.

Petitioner's second argument, that his base level of conviction was raised above that charged by the grand jury, is actually a challenge to the U.S. Sentencing Guidelines. Petitioner states that:

> [B]ut for Movant's prior convictions, his base level of conviction elevated in the Pre-Sentence Report to base level "34," but because of his acceptance of responsibility his base level was lowered to "27," his criminal History Category bottomed at VI, Criminal History (13 or more), so he plead [sic] guilty [sic] 130 months, under duress of being assessed 262-327 months.

[D.E. 152 at 5]. Contrary to Petitioner's assertion, adjustments to the guideline range did not have to be set forth in the indictment and proved beyond a reasonable doubt. *Alleyne* did not deal with "judge-found facts that trigger an increased guidelines range." *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014) ("In *Alleyne*, the Court stated that it has long recognized that broad sentencing discretion, informed by judicial factfinding, does not violate the Sixth Amendment."

(quoting *Alleyne*, 133 S.Ct. at 2163) (internal quotation marks omitted)).

Furthermore, the Court did not raise the base level of his conviction. Petitioner correctly states that his base level started at 26. Petitioner's offense level was increased and decreased for various reasons, but that does not change the fact that his base offense level was 26. *See* [D.E. 90 at 6] ("[T]he base offense level is 26."). Therefore, the adjustments to the guideline range did not violate Petitioner's Constitutional rights.

## III. Conclusion

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that the Recommended Disposition of Magistrate Judge Hanly A. Ingram [D.E. 151] be, and the same hereby is, **ACCEPTED** and **ADOPTED**;

(2) that Petitioner's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 [D.E. 137] be, and the same hereby is, **DENIED**;

(3) that no certificate of appealability will issue.

This the 8th day of April, 2014.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

14