```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | Criminal Case No. |
| Plaintiff,        ) | 5:11-cr-108-JMH |
| ) | |
| v.        ) | |
| ) | **MEMORANDUM OPINION** |
| PATRICK LAMONT PATTERSON,        ) | **AND ORDER** |
| ) | |
| Defendant.        ) | |
| ) | |

\*\*\*

This matter is before the Court upon Defendant Patrick Lamont Patterson's Second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255. [DE 161]. Patterson, proceeding *pro se*, previously moved the United States Court of Appeals for the Sixth Circuit to enter an Order authorizing this Court to consider this second Motion, in which he argues that he should not have been designated as a career offender under the United States Sentencing Guidelines. [DE 160]. Specifically, Patterson asserts that his prior Michigan conviction for unarmed robbery no longer qualifies as a predicate offense for purposes of § 4B1.2(a)'s residual clause, which mirrors the residual clause of the Armed Career Criminal Act that the Supreme Court of the United States invalidated in *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015).

1

On January 24, 2017, the Sixth Circuit found that Patterson had made a sufficient prima facie showing of possible entitlement to relief under *Johnson*, and granted his Motion accordingly. However, the Sixth Circuit recognized that the ultimate success of Patterson's argument depends upon whether *Johnson*'s holding extends to the Sentencing Guidelines, and if so, whether it applies retroactively. Because the Supreme Court of the United States was scheduled to address such issues this term in *Beckles v. United States*, 136 S. Ct. 2510 (2016) (granting certiorari), the Sixth Circuit transferred the case to this Court with instructions to hold it in abeyance pending a decision in *Beckles*. The Court complied with the Sixth Circuit's Order. [DE 163].

On March 6, 2017, the Supreme Court of the United States issued its decision in *Beckles*. *See United States v. Beckles*, No. 15-8544 (Mar. 6, 2017). The Court held that the United States Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause of the Fifth Amendment. In light of this ruling, Patterson cannot obtain relief under *Johnson*. Accordingly,

**IT IS ORDERED** as follows:

(1) The stay in this matter be, and is, hereby **LIFTED**;

(2) Defendant Patrick Lamont Patterson's Second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255 [DE 161] be, and is, hereby **DENIED**; and

2

(3)   A Judgment shall be issued contemporaneously herewith.

This the 7th day of March, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge