UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| ) | 5:11-cr-108-JMH |
| v. ) | |
| ) | **MEMORANDUM** |
| PATRICK L. PATTERSON, ) | **OPINION & ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\*

This matter is before the Court on Defendant Patrick L. Patterson's motion for reconsideration of a June 5, 2020 Order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). [DE 174]. Patterson is currently incarcerated at Federal Correctional Institute Ashland ("FCI Ashland") in Ashland, Kentucky. Patterson filed the motion because he was able to locate an April 6, 2020 request to the warden regarding his eligibility for early home confinement. [DE 178]. For the reasons stated below, Patterson's motion will be **DENIED.**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This Court denied Patterson's first motion for compassionate release because he did not demonstrate that he exhausted his administrative remedies as required by § 3582(c)(1)(A). [DE 172]. Patterson wrote again to the Court, stating that on April 6, 2020, he "made a request to the warden." [DE 174 at 1]. He further stated

1

that he had not received a response within the statutory thirty-day period. [*Id*.]. Because it appeared that Patterson's pursuit of compassionate release within the Federal Bureau of Prisons ("BOP") may have changed, the Court construed his letter as a renewed motion and directed the United States to address, among other issues, whether Patterson had exhausted his administrative remedies. [DE 173 at 3]. Following the United States' response on May 27, 2020 [DE 175], in which the government stated that the BOP found no record of a compassionate release request, this Court denied Patterson's second motion for failure to comply with the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A). [DE 176].

Patterson then asked the Court to reconsider its second order denying compassionate release. [DE 178]. This time, Patterson attached a message he sent to the warden on April 6, 2020. [*Id*.]. The United States was ordered to respond, and it did so on June 23, 2020. [DE 179].

The government argues that while Patterson has filed requests with the warden and other staff at FCI Ashland, he is requesting early release to home confinement pursuant to the CARES Act. Yet, he has not asked the warden for compassionate release pursuant to 18 U.S.C. § 3582(c) on his behalf. The government attached communications with Patterson and a memorandum from staff at FCI Ashland, indicating that he seeks an early move to home confinement. [DE 179-1 at 1-4].

2

## II. LEGAL STANDARD

Though the Federal Rules of Criminal Procedure do not provide for a motion to reconsider, federal courts typically adjudicate such requests under the standards provided by Federal Rules of Civil Procedure 59(e) and 60(b). *See United States v. Moon*, 527 F. App'x 474 (6th Cir. 2013); *United States v. Holland*, No. 6:05-030-DCR, 2016 WL 1047929, at *1 (E.D. Ky. March 15, 2016)(citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). Rule 59(e) allows the Court to alter a previous decision based on "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). Federal Rule of Civil Procedure 60(b) allows relief from a judgment where the movant demonstrates: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

3

It must also be noted that, because Patterson is not represented by an attorney, his motion is reviewed under a more lenient standard. *Boswell v. Mayer,* 169 F.3d 384, 387 (6th Cir. 1999); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985).

### III. DISCUSSION

Patterson's only argument is that he did, in fact, file a request with the warden as he understood the Court to require in its two orders denying his previous motions for compassionate release. Thus, Patterson asks the Court to reconsider its conclusion that he did not exhaust his administrative remedies and seeks an adjudication of his request on the merits. However, Patterson confuses the relief allowed in the CARES Act with the remedies provided in 18 U.S.C. § 3582(c).

Passed in response to the COVID-19 pandemic, the CARES act provides for expanded prisoner home confinement, to be administered by the Attorney General and the BOP. *See* Pub. L. No. 116-136, 134 Stat. 281 (2020). A provision of the Act lengthens the maximum period of time that the BOP director can authorize home confinement for a prisoner during the "emergency period" that has been declared due to COVID-19. Normally, the BOP director may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The CARES Act provides that, during the COVID emergency period, upon a proper finding by the Attorney General,

4

the BOP director "may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement ... as the Director determines appropriate." CARES Act, PL 116-136, 134 Stat. 281 (March 27, 2020) § 12003(b)(2).

In response, United States Attorney General William Barr directed the BOP to begin considering placing at-risk inmates on home confinement. Importantly, the BOP immediately began reviewing all inmates who have COVID-19 risk factors, as described by the Centers for Disease Control and Prevention, starting with inmates at FCI Elkton.[1] Inmates do not need to directly make a request to be considered for home confinement, the BOP has stated, but they may do so through their case manager. *Id*.

While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court has no authority under this provision to order that a prisoner be placed on home confinement. *See United States v. McCann*, No. 5:13-52-KKC, 2020 WL 1901089, at *3 (E.D. Ky. April 17, 2020); *United States v. Brummett,* No. 6:07-103-DCR, 2020 WL 2950351 (E.D. Ky. June 3, 2020). Thus, the Court will deny Patterson's request for home confinement under the CARES Act.

---

[1] Federal Bureau of Prisons, Home Confinement, www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp, April 5, 2020.

5

To the extent that Patterson seeks early release pursuant to 18 U.S.C. § 3582(c), he still has not demonstrated that he has exhausted his administrative remedies as required by the statute before filing a motion in federal court. This section states that a court may not modify a term of imprisonment once it has been imposed unless the Court receives a motion from the Director of the Bureau of Prisons, or the defendant files a motion *after* he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Court is then required to consider the factors set forth in 18 U.S.C. § 3553(a) if it finds that extraordinary and compelling reasons warrant such a reduction or the defendant is at least seventy years of age, has served thirty years in prison pursuant to a sentence under § 3559(c), a determination has been made by the BOP that the defendant is not a danger to the community, and that the reduction is consistent with "applicable policy statements issued by the Sentencing Commission." *Id.* at (c)(1)(A)(i)-(ii).

Patterson's requests to the BOP and FCI Ashland have consisted only of questions about home confinement pursuant to the CARES Act, not compassionate release under § 3582. As the Court explained in its previous order denying compassionate release, it is clear

6

that a federal prisoner must exhaust his or her administrative remedies before filing a motion pursuant to 18 U.S.C. § 3582(c) with the federal district court. *See United States v. Alam*, 960 F.3d 831, 834-35 (6th Cir. 2020)(holding that the statute's exhaustion requirement is a mandatory claim-processing rule). Thus, to the extent that Patterson seeks reconsideration of the Court's finding that he has not exhausted his administrative remedies under 18 U.S.C. § 3582, that request is denied.

### III. CONCLUSION

Patterson's recent motion requests reconsideration based on his request to the BOP and FCI Ashland for home confinement. Because this kind of request is still one that cannot be granted by this Court, and because Patterson has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c), the undersigned finds that no grounds exist to reconsider the denial of Patterson's last motion for compassionate release, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b).

Accordingly, **IT IS ORDERED** that Defendant Patrick L. Patterson's motion for reconsideration [DE 178] is **DENIED.**

This the 21st day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

7